IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| CECIL MADLOCK | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:05cv142 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Cecil Madlock, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Madlock was convicted of two burglary offenses and a robbery offense. On March 29, 1991, He received deferred adjudication on the burglary cases and ten years in prison for the robbery case, but was returned to court after 60 days to be placed on probation for the robbery.

The State later filed a motion to revoke probation and to proceed to adjudication in the burglary cases. A hearing was held on October 2, 1992, and the trial court found that Madlock had violated the terms of his probation in the robbery case; he received 17 years in prison. The State did not pursue the motions to revoke and proceed to final adjudication in the burglary cases.

In 1997, Madlock was paroled, but on November 16, 1997, he was on the premises of a nightclub when a fight broke out. A revocation hearing was held in April of 1998. Madlock argued at that time that the motions to revoke and proceed to final adjudication in the burglary cases should be dismissed because of the State's failure to pursue them in 1992, although he conceded that

he had no case law; the motion was denied when the trial court determined that there was no law requiring the State to file a motion to revoke. The State then proceeded on the motions to revoke, and Madlock was adjudicated guilty and sentenced to life in prison. He filed a direct appeal as well as several state habeas proceedings, in one of which he was granted an out of time appeal.

Madlock raised five grounds in his federal habeas petition. These are: (1) he received ineffective assistance of counsel at trial; (2) he received ineffective assistance of counsel on appeal; (3) his probation in cause no. 4-90-963 was "statutorily deficient and defective" because the State failed to impose conditions of probation in that case; (4) the plea bargain agreement was breached, which rendered his guilty plea involuntary; and (5) the trial court abused its discretion by denying his motion to dismiss for want of prosecution and revoking his indictment in the present case. The Respondent was ordered to answer, and Madlock filed a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on November 9, 2010, recommending that the petition be dismissed. With regard to Madlock's claim of ineffective assistance of counsel on appeal, the Magistrate Judge concluded that Madlock was not harmed by counsel's filing his appeal brief late because the Court of Appeals accepted it and the appeal lacked merit in any event. The Magistrate Judge further said that Madlock's claim of ineffective assistance of counsel at trial lacked merit because he failed to show that but for counsel's alleged derelictions, the result of the proceeding would probably have been different.

Third, the Magistrate Judge said that Madlock offered nothing beyond bare allegations to show that he did not sign the conditions of his probation, and that he was required under state law to raise this issue at the time that he was placed on probation, not thereafter. Consequently, the Magistrate Judge determined that this claim also was barred by the statute of limitations.

Fourth, the Magistrate Judge said that Texas law provides that the trial judge is never required to revoke probation, and so Madlock failed to show error in the fact that the trial court did not revoke his probation on the burglary charges at the same time as the robbery charge. The

Magistrate Judge noted that the Texas state courts had denied relief on this claim and so to prevail in a federal habeas corpus petition, Madlock had to show that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court or an unreasonable determination of the facts. Finally, the Magistrate Judge stated that Madlock's fifth claim lacked merit because he did not show that the trial court's failure to grant his motion to dismiss the probation revocation proceeding for want of prosecution amounted to a constitutional infraction of his due process rights so as to render the proceeding fundamentally unfair, and that any claim of unfairness in this proceeding was waived by the plea of true. The Magistrate Judge thus recommended that the petition be dismissed with prejudice and that Madlock be denied a certificate of appealability *sua sponte*.

Both Madlock and the Respondent filed objections to the Report of the Magistrate Judge. In his objections, the Respondent agrees with the Magistrate Judge's recommendation for disposition of the case, but argues that Madlock's fourth ground for relief should also be dismissed as time-barred.

In his objections, Madlock says that the agreement was breached because it was his understanding that the burglary and robbery cases would be consolidated into one ten-year term of probation, and so the plea agreement was breached when the cases were split up (i.e. when probation was revoked on the robbery case but not the burglary cases). Based on this, he says that the state court's decision was unreasonable .

Similarly, Madlock says that he received ineffective assistance of counsel at trial when his trial attorney did not review the terms of the plea bargain and did not discover that conditions of probation had not been executed on the burglary cases. He also says that counsel should have discovered that the plea of guilty was not voluntary because the cases had been separated. He denies ever coming back to court to sign conditions of probation.

Madlock also argues that counsel was ineffective for allowing him to plead true to the State's motion to revoke the burglary charges because he failed to argue that the plea bargain was

3

invalid. He complains that he received ineffective assistance of counsel on appeal and says that the Magistrate Judge used the wrong date in calculating the limitations period because he is challenging the revocation of his burglary charges and not the robbery charge. Finally, he says that there has been a fundamental due process violation because the trial court allowed the State to breach the terms of the plea agreement, causing his sentences to run consecutively rather than concurrently. For relief, Madlock asks that the Court reject the Report of the Magistrate Judge, schedule an evidentiary hearing, grant him a certificate of appealability, and award all other relief to which he may be entitled.

The Respondent's objections are well taken, although the Respondent fails to consider the effect of the out-of-time appeal which Madlock was granted. The Supreme Court has held that when a state court grants a defendant the right to file an out of time appeal, the date on which the judgment becomes final for purposes of 28 U.S.C. §2244 must reflect the conclusion of the out-of-time direct appeal or the expiration of the time for seeking review of that appeal. Jimenez v. Quarterman, 129 S.Ct. 681, 686-87 (2009). In this case, Madlock's out of time appeal, which raised the issue of the failure to revoke the burglary cases, was decided on August 27, 2003, and Madlock did not seek discretionary review; the date of finality is thus Friday, September 26, 2003.

Madlock filed his fourth state habeas petition on December 1, 2003, thus tolling the limitations period after 66 days had elapsed. This petition was denied without written order on May 5, 2004, thus re-starting the limitations period with 299 days remaining; this period thus expired on February 28, 2005.[1]

While Madlock did not place a specific date on his federal habeas petition, he includes a signature line with the date notation of "04-   -05," indicating that he signed his petition

---

[1] Madlock's fifth state habeas petition concerned his time calculations, and was dismissed for failure to exhaust administrative remedies, and his sixth state habeas petition raised only the issues of ineffective assistance of appellate counsel and the denial of time credits on his sentence, not the validity of his plea bargain. Neither of these petitions serve to toll the limitations period on the issue of the validity of the plea bargain.

some time in April of 2005, before filing it on April 25. Even had Madlock signed his petition on April 1, 2005, the earliest date he could have done so, this claim would still be barred by the statute of limitations. The Respondent's objections are meritorious.

Madlock's objections lack merit. Although he reiterates his claims concerning the alleged breach of the plea agreement, he offers nothing to show that this claim is meritorious, nor that it is not barred by limitations. His claim of ineffective assistance of trial counsel fails for the same reason; as the Magistrate Judge noted, the state court held that no state law required the revocation of all of Madlock's probations. Hendley v. State, 783 S.W.2d 750, 753 (Tex.App.-Houston [1st Dist.] 1990, no pet.) (trial judge is never required to revoke probation, but may continue the probation or amend the terms). Thus, Madlock has not shown that but for trial counsel's alleged dereliction, the result of the proceeding would probably have been different. Nor has he shown any merit in his complaints regarding any of counsel's other actions at the revocation proceeding.

Madlock's complaint that the Magistrate Judge used the wrong date in calculating the limitations period is without merit, because the Magistrate Judge discussed the statute of limitations in the context of the *imposition* of the probation in the burglary case, not its revocation. Madlock also has shown nothing to indicate that a "fundamental violation of due process" took place so as to elevate his claims regarding state law to the status of a constitutional violation. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge and the parties' objections thereto. Upon such *de novo* review, the Court has concluded that the Respondent's objections are meritorious, while those of the Petitioner lack merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED in full as the opinion of the District Court, with the addition that the

Petitioner's claim concerning an alleged breach of the plea agreement is also dismissed as barred by the statute of limitations. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Cecil Madlock is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 12th day of January, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE